## Hart's Estate

*Francis T. Nagorski,* for estate.

*Hosbach & Gleeten,* for claimant.

WAITE, J., January 6, 1943.—Decedent, Mary A. Hart, a widow, died December 19, 1925, leaving a will executed May 29, 1923. She left surviving two daughters, M. Agnes Hart and Cornelia Hart Ackles, and three sons, George, Fred and Edwin, all living together as a part of decedent's family in the premises at 1225 Holland Street, where decedent died. The daughter M. Agnes Hart was named as executrix in the will and in the event of her death the daughter Cornelia was named as executrix. On February 23, 1926, the daughter M. Agnes Hart probated the will but did not take out letters testamentary, nor file an inventory. She did, however, take possession of the personal property and paid funeral and other expenses.

She also continued in possession of the homestead property at 1225 Holland Street, where a home was maintained for herself and the other children, as suggested in the mother's will, until her death on December 16, 1937. She, in turn, left a will in which she named her brother, Edwin A. Hart, as executor. After the death of M. Agnes Hart the other daughter, Cornelia Hart Ackles, took out letters testamentary in the mother's estate and upon her petition the court, after hearing, issued a citation upon said Edwin A. Hart, as executor of the estate of M. Agnes Hart, to file an account. On July 26, 1940, in compliance with said order, Edwin A. Hart, as executor of the estate of M. Agnes Hart, executrix of the estate of Mary A. Hart, filed an account, now before the court. To this account exceptions were taken. This account, together with the exceptions and testimony taken, is now before the court for audit.

On November 16, 1942, after several hearings were held and testimony taken upon the account filed in this estate by Edwin A. Hart, as executor of the estate of M. Agnes Hart, and the exceptions thereto, and argument by counsel, Cornelia Hart Ackles, present executrix, at whose instance the citation upon Edwin A. Hart, executor of the estate of M. Agnes Hart, to file the account was issued, came into court and presented a petition objecting to the account as filed and asking that said account be disallowed upon the ground that M. Agnes Hart had never taken out letters in the said estate of Mary A. Hart, and alleging, because of this fact, that Edwin A. Hart, executor of the estate of M. Agnes Hart, had no authority to file said account. A rule to show cause was granted on said petition returnable November 30, 1942, at 10 a.m. At the time of the hearing, a motion to dismiss this petition was presented on behalf of Edwin A. Hart.

We will dispose of the questions raised by this petition and the motion to dismiss before taking up the consideration of the questions raised in the audit of said account and the exceptions as filed.

In our opinion, this present motion to dismiss said petition must be granted. M. Agnes Hart was first named as executrix of the estate of her mother, Mary A. Hart, who died in 1925. She probated the mother's will but did not take out letters and never filed an inventory or account. She did, however, take charge of the property in the estate, paid some of decedent's debts and continued to live in the homestead property where, under the terms of the mother's will, she maintained a home for herself and other brothers and sisters up to the time of her death in 1937.

M. Agnes Hart, by thus taking charge of the property of the estate and receiving the funds and paying obligations thereof, became responsible as executrix as effectively as if she had actually taken out letters,

and her executor was properly and legally required to account to the heirs of her estate. M. Agnes Hart was named as executrix in the will of her mother and from that fact alone, and independent of her actions which constitute an administration de son tort, the executor of her estate is accountable to the heirs of the mother's estate. Mayer's Estate, reported in 52 York L. R. 101, is directly in point. It is there said, at pages 102, 103:

"The authority of an executor is derived from the will, and not from any act of the register of wills in granting letters testamentary. In 11 R. C. L. 27, Sec. 11, it is said: 'According to the law of England, an executor derives his title from the will, and therefore, he need not prove the will in order to clothe himself with that character; and while this is still the rule, it has been somewhat modified by the Probate Court Act.' In the case of Miller vs. Meetch, 8 Pa. 417, it is said (423): 'But it is further objected that he was without authority to execute the power to sell and convey at the time he attempted to do so, being unclothed with the oath of office, and unarmed with letters testamentary. The objection is, however, founded in an entire misapprehension of the source from whence the authority is derived. It comes from the testator, and not from the register. It is derived from the will, and not from the probate of it; and it is consequently vested at the instant of the testator's death.' In Miller's Estate, 216 Pa. 247, Mr. Justice Mestrezat has stated the law as follows, (255): 'An executor is appointed by the testator, and derives his authority to act from the will. The granting of letters testamentary by the register of wills is a *pro forma* act, to give effect to the will of the testator: Pomeroy's Appeal, 127 Pa. 492. The appointment of the testator gives to the executor a right to administer of which only his renunciation can deprive him, or his refusal to appear when cited to prove the will and take out letters: Bowman's

Appeal, 62 Pa. 166. The time when it becomes imperative for an executor named to accept or renounce, is when he is cited to do so: Ralston Estate, 158 Pa. 645.'

"While as expressly stated in Ralston's Estate, 158 Pa. 645, the duties as executrix cannot be imposed upon a person without her consent, yet she may perform such acts as bind her to the trust. In this estate, it is admitted that Mrs. Mayer performed all necessary acts of administration. It is not necessary to the acceptance of the office of executrix that she be formally sworn. Any act of administration constitutes an acceptance: Estate of John Hermes, 32 P. L. J. 474. Therefore, it follows that the personal representative of a deceased executrix, to whom letters testamentary were never granted, but who performed acts of administration, is required to file the account of such deceased executrix."

For the reasons herein stated, the rule heretofore granted on this petition must be, and is, discharged.

We will next consider the account of Edwin A. Hart, executor of the estate of M. Agnes Hart, and the exceptions thereto. Because so much time has elapsed since decedent's death and because of the failure to file an inventory, it is difficult at this time to file a satisfactory account and properly dispose of the questions involved, since no accurate record of the transactions has been kept. The account, as finally filed, includes many items of expense in the care and maintenance of the property, going back several years preceding decedent's death. Many of the items included as debits in the account were, according to the testimony, personal gifts to M. Agnes Hart in her lifetime out of which she personally paid decedent's funeral and other expenses and should not, therefore, be included in the account. Many items claimed as credits in the account are unaccompanied by receipts or any other evidence of payment and cannot, therefore, be allowed. The

homestead property at 1225 Holland Street, under the terms of the mother's will, was to be maintained as a home for all the children, who were each to contribute to the expense and maintenance of the home and the upkeep of the property. This, according to the testimony, was done in a general way until the marriage of Cornelia and the death of M. Agnes Hart, with no accurate accounting, so that it is now impossible to determine what credits should be allowed. Since it was the mother's apparent intention that the maintenance of the home, including taxes and repairs, was to be kept up by the children who lived there, no credit can be allowed for any of these items. The claim of Cornelia Hart Ackles for the nursing of the mother for several years prior to her death must be disallowed, since according to the weight of the testimony during the greater part of the time the mother did not require the services of a nurse, and all of the other children, with the possible exception of Edwin, were each contributing $40 per month for the maintenance of the home. There were during the mother's life four periods of two weeks each when the mother was confined to her bed and was cared for by Cornelia. For these eight weeks Cornelia's claim for $25 per week, a total of $200, is allowed; also a fee of $100 to Francis T. Nagorski as attorney for accountant. The credits and debits as shown in the attached order are allowed. All other items of debit and credit in the account that are not included in the attached order are disallowed.

It is agreed by counsel for accountant and for exceptant that the debit item of $207 for rent received by Edwin shall be credited to him for the maintenance of the property, including taxes and upkeep since the death of M. Agnes Hart. It is further agreed that certain items of the personal property now in the premises at 1225 Holland Street, including a piano, are the property of Cornelia Hart Ackles and may be

removed by her, and that the remaining items are the property of Edwin A. Hart. It is further agreed that the balance remaining in the accountant's hands after paying the said claims, amounting to $378.05, together with the United States bonds amounting to $2,300 at maturity now in the hands of Lyman Shreve, master in the partition proceedings for the sale of the said real estate at 1225 Holland Street, in the Court of Common Pleas of Erie County, shall be paid and turned over to the register of wills to await the final accounting of Cornelia Hart Ackles, as executrix. After said final account is filed a final order of distribution of the above items will be made under the terms of the will of Mary A. Hart.